UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TOREY C. HAYES,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 3:22-cv-00575<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

On November 13, 2023, the Court found that pro se and *in forma pauperis* Plaintiff Torey C. Hayes had not filed a timely response to Acting Commissioner of Social Security Kilolo Kijakazi's motion for a more definite statement of Hayes's complaint brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). (Doc. No. 10.) The Court ordered Hayes to show cause by December 4, 2023, why the Magistrate Judge should not recommend that the Court dismiss this action under Federal Rule of Civil Procedure 41(b) for Hayes's failure to prosecute his claim. (*Id.*) The Court ordered also Hayes to file any response to the Commissioner's motion by the same date. (*Id.*) Hayes has not responded to the Court's show-cause order or to the Commissioner's motion for a more definite statement.

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss this action without prejudice under Rule 41(b) and find moot the Commissioner's motion for a more definite statement.

I.       **Relevant Background**

This action arises out of the Commissioner's denial of Hayes's claim for Supplemental Security Income benefits. (Doc. No. 1.) Hayes filed a complaint seeking judicial review of the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*Id.*) On October 14, 2022, the Commissioner filed a motion for a more definite statement of Hayes's complaint under Federal Rule of Civil Procedure 12(e) asserting that Hayes's complaint "is 'so vague or ambiguous that [she] cannot reasonably prepare a response'" because Hayes did not include the date of the Commissioner's final decision in his complaint or attach a copy of the Commissioner's final decision.[1] (Doc. No. 8, PageID# 25 (alteration in original) (quoting Fed. R. Civ. P. 12(e)).) The Commissioner states that the Social Security "Appeals Council has advised that there is no final decision of the Commissioner that is subject to judicial review that could be ascertained." (Doc. No. 8, PageID# 25.)

On November 13, 2023, the Court found that Hayes had not filed a response in opposition to the Commissioner's motion for a more definite statement within the time frame provided by this Court's Local Rules. (Doc. No. 10 (first citing M.D. Tenn. R. 7.01(a)(3) (response); and then citing Fed. R. Civ. P. 6(d)).) The Court therefore ordered Hayes to show cause by December 4, 2023, why the Magistrate Judge should not recommend that the Court dismiss Hayes's complaint for failure to prosecute and why the Court should allow Hayes to file an untimely response in opposition to the Commissioner's motion. (Doc. No. 10.) The Court warned Hayes that failure to

---

[1]      The Commissioner alerts the Court to a similar complaint that Hayes filed in 2018, which the Court dismissed. *See* Report and Recommendation, *Hayes v. Soc. Sec. Admin.*, No. 3:18-cv-0660 (M.D. Tenn. Mar. 4, 2019), ECF No. 27, *accepted and adopted by* Order, No. 3:18-cv-0660 (M.D. Tenn. Mar. 26, 2019), ECF No. 28. The Commissioner alleges that Hayes may be making the same claim in this action that he did in his dismissed action, in which the Court determined that Hayes had not exhausted all his administrative remedies and that there was no final decision subject to judicial review. (Doc. No. 8 (citing Doc. No. 8-1).)

comply with its show-cause order would "likely result in a recommendation that this action be dismissed." (*Id.* at PageID# 35.)

Hayes has not responded to the Court's show-cause order or to the Commissioner's motion for a more definite statement.

II.     **Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736. The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or

contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.     Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Hayes.

**A.     Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that bad faith motivated Hayes's failure to respond to the Commissioner's motion for a more definite statement and failure to respond to the Court's show-cause order. However, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see*

*also Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response . . . to the Court's Order to Show Cause"); *Sims v. McCarter*, Case No. 3:18-cv-00072, 2019 WL 2088832, at *3 (M.D. Tenn. May 13, 2019) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where defendants had a filed a motion for a more definite statement and plaintiff had failed to respond the Court's show cause order).

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and

responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Because filing a motion for a more definite statement is a typical step in early litigation, the second factor weighs against dismissal here. *See id.* at 739–40.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned Hayes that failure to comply with the Court's show-cause order could lead to dismissal. (Doc. No. 10.) This factor therefore weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) for Hayes's failure to prosecute and that the Commissioner's motion for a more definite statement (Doc. No. 8) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 28th day of December, 2023.

ALISTAIR E. NEWBERN
United States Magistrate Judge